**YAN HONG WANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–5870–ag.**

United States Court of Appeals, Second Circuit.

July 14, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Jeffrey E. Baron, Dev Viswanath, New York, NY, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Lisa G. Johnston, Sara L. Shudofsky, Assistant United States Attorneys, New York, NY, for Respondent.

Present DENNIS JACOBS, B.D. PARKER and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

Yan Hong Wang, through counsel, petitions for review of the BIA decision reversing Immigration Judge ("IJ") Margaret McManus's conditional grant of asylum, denying Wang's claims for withholding of removal and relief under the Convention Against Torture ("CAT"), and ordering Wang removed. We assume the parties' familiarity with the underlying facts and procedural history.

It is undisputed that the BIA no longer has authority to engage in factfinding (except for taking administrative notice of commonly known facts), or to review *de novo* an IJ's findings of fact. *See* 8 C.F.R. §§ 1003.1(d)(3), 1003.3(f); *Xian Tuan Ye v. DHS*, 446 F.3d 289 (2d Cir.2006). The critical issue in this case is whether the BIA did either of these things in concluding that Wang lacks a well-founded fear of persecution. We believe it did.

██ Wang fears that she will be persecuted in China because she already has two children, who are U.S. citizens, and she wants to have a third. She claims this would place her in violation of the Chinese population control regulations. The IJ agreed with her, finding that the U.S. citizen children would "count" and "cause [Wang] a problem with the family planning policy implementation in China." Addi-

tionally, the IJ found that while the Chinese government may make an exception for children born to parents traveling abroad in a lawful status, the exception did not apply to Wang.

The BIA rejected the IJ's finding of fact. Interpreting the Department of State's country report, the Board found that the absence of discussion regarding foreign born children indicates no policy at all. Although the BIA did not state the standard of review that it applied in reaching this conclusion, there is no indication that it gave any deference to the IJ's finding. Instead of determining whether the IJ's finding was "clearly erroneous," as required by 8 C.F.R. § 1003.1(d)(3)(i), the BIA appears to have simply substituted its own judgment for that of the IJ. The BIA's finding here is not unreasonable, and we might well uphold it if reviewing it under our own, deferential, substantial evidence standard. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). However, we cannot agree with the respondent that the BIA was acting within its authority, and we must therefore remand for the BIA to reconsider its decision in light of its limited factfinding authority and standard of review.

9 Although it seems unlikely that Wang could demonstrate eligibility for withholding of removal, that claim, as well as her claim of asylum will need to be reconsidered on remand, as we reject the respondent's argument that Wang failed to exhaust it. *See Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1994). On the other hand, Wang has waived her CAT claim by failing to raise it in her brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).